# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Joseph Christian Thoresen, | Case No. 20-CV-0769 (ECT/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jeff Titus, Warden of Oak Park Heights Correctional Institution, | |
| Respondent. | |

Petitioner Joseph Christian Thoresen requests an additional 180 days in which to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Dkt. 1.) The motion should be denied and this matter dismissed.

Under 28 U.S.C. § 2244(d),

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Nothing in § 2244(d) permits courts to provisionally extend the limitations window in which to file a habeas petition. In rare circumstances, the statute of limitations may be equitably tolled "if the petitioner establishes '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Williams v. Kelley*, 830 F.3d 770, 772-73 (8th Cir. 2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). But this Court cannot say until Thoresen actually submits his habeas petition that he has been pursuing his rights diligently or that extraordinary circumstances prevented him from submitting his habeas petition earlier.

In any event, Thoresen's request for an extension appears to be unnecessary at this time. Without knowing the claims that Thoresen intends to raise in his future habeas petition, this Court cannot say with certainty which of the § 2244(d)(1) provisions will apply to his claims and therefore cannot say precisely when the limitations period will begin to run on those claims. That said, under no circumstances could the limitations period for Thoresen's claims begin to run any earlier than "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

2

seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Supreme Court of the United States denied Thoresen's petition for a writ of certiorari on direct review on June 10, 2019. *See Thoresen v. Minnesota*, No. 18-8728, 139 S. Ct. 2696 (June 10, 2019). The judgment that Thoresen seeks to challenge through a habeas petition became final on that date through the conclusion of direct review. Accordingly, Thoresen has until (at least) June 10, 2020 in which to seek habeas relief. This leaves Thoresen over two months in which to prepare and submit his habeas petition.

Thoresen seems to be seeking additional time in which to seek habeas relief because he has not yet fully exhausted certain claims through post-conviction proceedings in state court, and those post-conviction proceedings are unlikely to be completed by June 2020. Still, though, an extension in which to file a habeas petition would be unnecessary; any time during which a properly filed post-conviction petition is pending in state court will be tolled from the calculation of the limitations period. *See* 28 U.S.C. § 2244(d)(2). In other words, every day that a post-conviction petition properly filed by Thoresen remains pending in state court pushes back the federal limitations window another day.

The Court lacks authority to grant the relief that Thoresen seeks, and that relief is unnecessary anyway. Accordingly, it is hereby recommended that Thoresen's motion be denied and this matter dismissed. Thoresen should take care to pursue all available means of relief in the state and federal courts as expeditiously as possible in order to preserve his right to seek federal habeas corpus relief in the future.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The motion for an extension of petitioner Joseph Christian Thoresen (Dkt. 1] be **DENIED**.

2. This matter be **DISMISSED**.

Dated: March 26, 2020         *s/Elizabeth Cowan Wright*
                              ELIZABETH COWAN WRIGHT
                              United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).